**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NESTOR OBILSON LOPEZ-HERRERA, a.k.a. Nestor Herrera, a.k.a. Nestor Obilson Herrera, a.k.a. Nestor Herrera Lopez, a.k.a. Nestor Lopez Herrera, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-71563 <br><br> Agency No. A094-319-538 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014[**]

Before:      GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Nestor Obilson Lopez-Herrera, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' order summarily affirming an

immigration judge's ("IJ") decision denying his application for asylum,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

Lopez-Herrera has not challenged the agency's finding that his application for asylum is untimely. Thus, we deny the petition for review as to his asylum claim.

Substantial evidence supports the agency's denial of CAT relief because Lopez-Herrera failed to establish that it is more likely than not he will be tortured by or with the acquiescence of the government of El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, in denying Lopez-Herrera's withholding of removal claim, the agency found Lopez-Herrea failed to establish past persecution or a fear of future persecution on account of a protected ground. When the IJ issued his decision in this case he did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, No. 09-73671, 2014 WL 1797657 (9th Cir. May 7, 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014).

Thus, we remand Lopez-Herrera's withholding of removal claim to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this remand, we do not reach Lopez-Herrera's remaining challenges to the agency's denial of his withholding of removal claim at this time.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part. REMANDED.**